# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0912V
UNPUBLISHED

| | |
|---|---|
| CONSTANCE NICHOLS,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 4, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Alison H. Haskins*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.

*Kimberly Shubert Davey*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On July 28, 2020, Constance Nichols filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") casually related to the influenza vaccine she received on September 8, 2018. Petition at ¶¶ 1, 26. Additionally, Petitioner alleges that her GBS meets the Table definition. *Id.* at ¶ 29. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 15, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her GBS. On May 4, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $200,383.10 (representing compensation in the amounts of $195,000.00 for pain and suffering and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$5,383.10 for past unreimbursable expenses) and $19,621.43 to satisfy the State of New York Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $200,383.10, representing compensation in the amounts of $195,000.00 for pain and suffering and $5,383.10 for actual unreimbursable expenses in the form of a check payable to Petitioner.**

2. **A lump sum payment of $19,621.43, representing compensation for satisfaction of the State of New York Medicaid lien, payable jointly to Petitioner and New York State Department of Health, and mailed to:**

> New York State Department of Health
> P.O. Box 415874
> Boston, MA 02241-5874

Petitioner agrees to endorse the check to New York for satisfaction of the Medicaid lien.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CONSTANCE NICHOLS,<br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | No. 20-912V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**

On January 14, 2021, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered an injury that is compensable under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 to -34, that is, Guillain-Barre Syndrome ("GBS"), as defined in the Vaccine Injury Table. ECF No. 17. Accordingly, on January 15, 2021, the Chief Special Master issued a Ruling on Entitlement. ECF No. 18.

**I.    Items of Compensation**

   A.  Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$195,000.00** for pain and suffering. Petitioner agrees.

   B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$5,383.10**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.  <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of New York Medicaid lien in the amount of **$19,621.43**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New York may have against any individual as a result of any Medicaid payments the State of New York has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 23, 2018, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision on damages and the Court's judgment award the following: [1]

A.  A lump sum payment of **$200,383.10** in the form of a check payable to petitioner; and

B.  A lump sum payment of **$19,621.43**, representing compensation for satisfaction of the State of New York Medicaid lien, in the form of a check payable jointly to petitioner and:

> New York State Department of Health
> P.O. Box 415874
> Boston, MA 02241-5874

Petitioner agrees to endorse the check to New York for satisfaction of the Medicaid lien.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

*s/ Kimberly S. Davey*
Kimberly S. Davey
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-1815
Fax: (202) 616-4310
Kimberly.davey@usdoj.gov

Date: May 4, 2021

3